NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHUNZHANG SHENG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-70030

Agency No. A088-128-777

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Shunzhang Sheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination, including inconsistencies within Sheng's testimony as to who introduced him to Christianity, inconsistencies between Sheng's testimony and Pastor Lin's testimony and letter, and the implausibility of certain aspects of Sheng's claim. *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances). Sheng's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Sheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Sheng's CAT claim because it was based on the same evidence found not credible, and Sheng does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

15-70030